Francis W. **BOHAN**, d.b.a. **F. W. Bohan**
Agency, Plaintiff,

v.

**UNDERWOOD CORPORATION,**
Defendant.

Civ. A. No. 8409.

United States District Court
D. Connecticut.

Oct. 27, 1960.

Sherman Rosenberg, New Haven, Conn., for plaintiff.

Austin K. Wolf, Bridgeport, Conn., for defendant.

TIMBERS, District Judge.

Defendant moves, pursuant to Rule 12(b) (6), F.R.Civ.P., 28 U.S.C.A., to dismiss the amended third count of the complaint for failure to state a claim upon which relief can be granted.

The action is one to recover a real estate brokerage commission claimed to have been earned pursuant to an exclusive real estate agency agreement or, in the alternative, to recover the reasonable value of services claimed to have been rendered by plaintiff in connection with the sale of defendant's property.

The first count alleges that an agreement was entered into making plaintiff the exclusive agent to sell defendant's real estate in North Haven, Connecticut; that prior to the termination of the exclusive agency, the property was sold for $250,000; and defendant has refused to pay plaintiff's commission although duly demanded.

The second count incorporates by reference the substance of the first count, adding the allegation that the purchaser was secured by plaintiff or was produced by plaintiff's efforts.

The amended third count, without reference to the agreement alleged in the first and second counts, sounds in quantum meruit, alleging that plaintiff performed, at the request of defendant, certain services in connection with the sale of the property and claiming the fair and reasonable value of such services.

Defendant, in moving to dismiss the amended third count, contends that plaintiff is precluded from suing in quantum meruit since he has relied on an express contract as the basis for the first and second counts.

Rule 8(e) (2), F.R.Civ.P., provides that "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

In commenting on Rule 8(e) (2), Professor Moore states that "Alternative pleading has been approved where the

plaintiff seeks recovery under a contract, but if, for some reason, he can secure no relief by virtue of the contract, he seeks *quantum meruit* relief." 2 Moore's Federal Practice, ¶ 8.31, p. 1705.

Moreover, Rule 18(a), F.R.Civ.P., provides that "The plaintiff in his complaint * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party."

Defendant's motion to dismiss the amended third count of the complaint for failure to state a claim upon which relief can be granted, is denied.